**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965
1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

THE GUY LAW FIRM, PLLC
10105 E Via Lina, Suite 103
Scottsdale, AZ 85258-5326
(480) 767-3175

H. Micheal Wright - #004277
hmw@udallshumway.com
Steven S. Guy - #009106
steve@steveguylaw.com
Attorneys for Plaintiffs/Judgment Creditors

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Benson, an individual; Joseph Benson and Deborah Benson, husband and wife; Kaden Benson, a minor, by and through Jacob Benson, guardian ad litem, <br><br> Plaintiffs/Judgment Creditors, <br><br> v. <br><br> Casa de Capri Enterprises, LLC, an Arizona limited liability company; John Does 1-20; ABC Corporations I-X; XYZ Partnerships I-X; <br><br> Defendants/Judgement Debtors, <br><br> Continuing Care Risk Retention Group, Inc. a foreign corporation, <br><br> Garnishee. | NO. 2:18-CV-00006-DWL <br><br> **PLAINTIFF/JUDGMENT CREDITORS' RESPONSE TO GARNISHEE'S RENEWED MOTION TO COMPEL ARBITRATION** |

Plaintiff/Judgment Creditors Jacob Benson, et al. oppose Garnishee Continuing Care Risk Retention Group, Inc.'s ("CCRRG") Renewed Motion to Compel Arbitration for the following reasons:

- CCRRG's Motion is a repeat of its previous Motion to Compel Arbitration that was denied by the Hon. Steven P. Logan herein (Order dated 8/17/18, Doc. 27); the law of the case doctrine applies to preclude a rehash of same.

- While Plaintiffs have sought leave to assert additional claims against CCRRG, the garnishment count seeks only to collect on a judgment under the insurance contract, separate and apart from any other claims. Even if those other claims were subject to arbitration, which they are not, the garnishment count stands alone.

- What CCRRG incorrectly characterizes as discovery beyond enforcement of the pure garnishment claim has been discovery on arguments raised by CCRRG disputing applicability of the bankruptcy/insolvency clause of the policy and therefore is discovery relevant to the pure garnishment action.

- Certain pleadings and statements by Plaintiffs beyond enforcement of the garnishment matter merely constitute background information as to how the Judgment came about and provide notice of additional claims; such claims are separate from and do not obviate the garnishment claim.

- While CCRRG's argument might justify a protective order with regard to discovery on matters beyond the garnishment count, it does not justify remanding garnishment to an arbitration; arbitration was never contemplated under the policy to deal with collection of a valid Judgment.

- CCRRG waived any right to arbitration under the policy that may have existed prior to entry of Judgment by failing to seek arbitration and by withdrawing its defense of its insured, which allowed Judgment to be entered.

- Even if CCRRG were at some time entitled to seek arbitration, a garnishment claim is not subject to, nor appropriate for, arbitration; the garnishment action seeks to collect a judgment in garnishment.

## I. FACTUAL BACKGROUND

This is a garnishment action arising from a personal injury lawsuit brought by Plaintiffs Jacob Benson et al. against a skilled nursing facility, Capri de Capri Enterprises, which was insured by Continuing Care Risk Retention Group ("CCRRG"). The suit was filed and served in December 2012 and Capri timely tendered it to CCRRG. In January 2013 CCRRG accepted coverage for Plaintiff's suit and assigned defense counsel who answered on Capri's behalf. Months later, Capri became insolvent, resulting in cancellation of the CCRRG policy. On 8/1/13 Capri filed bankruptcy.

Following cancellation of the policy and despite that it had previously accepted coverage, CCRRG withdrew its defense of Capri and denied coverage for any judgment that might later be obtained against Capri. Plaintiffs sought and obtained from the U.S. Bankruptcy Court an order lifting the automatic stay and allowing them to pursue the lawsuit against Capri to final judgment. Plaintiffs also tried unsuccessfully to get CCRRG to reverse its erroneous coverage position and to accept a policy limits settlement demand. When that effort failed, Plaintiffs proceeded with their suit and ultimately obtained a judgment against Capri in the aggregate amount of $1,501,069.90. Plaintiffs then brought this garnishment action against CCRRG, initially in Maricopa County Superior Court; CCRRG removed the action to this Court.

On 1/9/18, CCRRG moved to compel arbitration of this matter (Doc. 13); Plaintiffs responded in opposition (Doc. 17). On 8/17/18 (Doc. 27), this Court, the Honorable Steven P. Logan, denied CCRRG's motion, finding that Plaintiffs, as non-signatories to the arbitration clause of the CCRRG policy held by Capri, were not bound to its terms. Citing *United Steelworkers of America v. Warrior & Gulf Navigation*

*Co.*, 363 U.S. 574 (1960); the Court held: "Accordingly, no circumstances appear to suggest that any of the contract or agency principles that would provide an exception binding the Plaintiffs to arbitration per the terms of the insurance agreement apply." (8/17/18 Order [Doc. 27], p. 4:10-12.) The Court further held that under Arizona law, actions for garnishment do not bind a non-signatory garnishing creditor to an arbitration agreement. (*Id.*, p. 4:22-23.) *Able Distrib. Co. v. James Lampe, Gen. Contractor,* 160 Ariz. 399, 410 (Ct. App. 1989).

Following the Court's Order, the parties have engaged in limited discovery; as part of that, Plaintiffs have asserted other legal theories, but those have been **expressly excluded** from the pending Motion for Summary Judgment and reserved for a later date following additional discovery. However, CCRRG has seized on Plaintiffs' asserted theories as an excuse to renew its motion to compel arbitration. But nothing has changed that would warrant a reversal of the Court's ruling.

## II.  ARGUMENT

### A.  Plaintiff's Alternate Legal Theories Do Not Subject This Matter To Arbitration

CCRRG is mistaken in supposing Plaintiffs' garnishment action to be anything other than what it is – a post-judgment garnishment action against CCRRG to collect on a valid judgment under its insurance policy, as that policy is interpreted in accordance with its terms and the law. The garnishment action is presently before the Court. While Plaintiff has filed a Motion to Replead and Join Additional Claims, that Motion has not been ruled on and would not alter the pending garnishment action. Merely because Plaintiffs may have other remedies to seek against CCRRG, the

matter before the Court is a pure garnishment by a Judgment Creditor. This was made clear in the 8/17/18 Order (Doc. 27) denying Defendant's previously filed Motion to Dismiss and Compel Arbitration. That ruling is the "law of the case."

A plaintiff is entitled to plead additional, and even alternative and inconsistent, claims against a Garnishee Defendant. Rule 8(d)(2), FRCP ("A party may state as many separate claims or defenses as it has, regardless of consistency.") This could be done in a separate action or, more conveniently, joined in this action, to achieve judicial economy. Such additional claims neither diminish nor obviate the right to garnish an existing debt. Such claims would persist regardless of the Court's ruling on the garnishment claim. Whether such additional claims are subject to arbitration would be a separate consideration beyond the garnishment, once those claims are at issue.

Nor would arbitration be appropriate to resolve the garnishment action. An arbitration is a fact-finding process, like a trial. The garnishment herein is purely a matter of law – the interpretation of coverage.

CCRRG complains that Plaintiffs have sought discovery beyond the mere interpretation of the insurance contract. The remedy for that was to have sought a protective order to limit discovery – it has nothing to do with arbitration of issues such as insurance bad faith. Moreover, the depositions dealt primarily with the issue of applicability of the bankruptcy/insolvency clause, **which CCRRG, not Plaintiffs, had made an issue in the garnishment question.** CCRRG contends, as a defense to garnishment, that the bankruptcy clause does not apply because the insured and judgment debtor, Capri, voluntarily cancelled coverage, thereby relieving CCRRG of responsibility to cover the claim. The depositions sought to establish that the true reason for cancellation of the policy was the insolvency and bankruptcy. For example,

Gregory Anderson, CEO of Capri, was deposed regarding his understanding of CCRRG's cancellation of its policy and whether Capri would also lose coverage for existing claims. (Anderson Deposition, **Exhibit 1,** pp. 40-45.) Some questions seeking background information concerning the underlying tort claim and notice of same to CCRRG was minimal.

Indeed, Plaintiffs have been extremely accommodating in limiting discovery as requested by CCRRG. Incorporated herein is the Declaration of Steven S. Guy, Plaintiffs' counsel, which repudiates CCRRG's statements given as support for its Renewed motion. (Declaration, **Exhibit 2.**) The declaration details the many instances in which the parties argued about the scope of permissible discovery and Plaintiffs' agreement to limit that scope, leaving out issues of breach of contract, bad faith, reasonable expectations, etc. (**Exhibit 2,** ¶ 4, 5, 7.) Importantly, those claims are not before the Court at present. Nor do they detract from the issue at hand – whether CCRRG is liable under the insurance policy coverage for payment of the judgment.

### B.     The Court's Prior Ruling Should Stand

Since the circumstances have not changed, there is no reason to reconsider the Court's prior ruling on this issue. The law remains the same: Plaintiffs were not signatories to the insurance policy between CCRRG and Capri which contains the arbitration agreement CCRRG cites, and thus are not bound to arbitration. *United Steelworkers,* 363 U.S. at 582; *see also French v. Merrill Lynch,* 784 F.2d 902, 908 (9th Cir. 1985); *Arthur Andersen, LLP v. Carlisle,* 565 U.S. 624, 631 (2009). This applies to garnishment cases under Arizona law. *Able Distrib. Co.,* 160 Ariz. at 410. CCRRG

did not cite any new authority in its Renewed Motion that would change the Court's analysis.

### C.   CCRRG has Waived Arbitration

Moreover, the time for CCRRG to have sought arbitration has passed; there is currently no dispute necessary or appropriate for arbitration. CCRRG waived any right to litigate in arbitration either the coverage issues or entitlement of Plaintiffs in the tort claim. What would there be to arbitrate? To relitigate what was before the Maricopa Superior Court? To contest the judgment? It is too late to raise these issues.

## III.   CONCLUSION

For the foregoing reasons, Garnishee CCRRG's Renewed Motion to Compel Arbitration should be denied.

DATED this 7th day of May, 2019.

        UDALL SHUMWAY PLC
        THE GUY LAW FIRM, LLP

        By /s/ H. Micheal Wright
          H. Micheal Wright
          Steven S. Guy
          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the CM/ECF registrants.

Steven G. Mesaros, Esq.
Brian E. Cieniawski, Esq.
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, AZ 85004-4417
smesaros@rcdmlaw.com
bcieniawski@rcdmlaw.com
Attorneys for Garnishee CCRRG

Steven S. Guy, Esq.
steve@steveguylaw.com
Co-Counsel for Plaintiffs

By: /s/ H. Micheal Wright

5462324

8