**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Benson, et al., | No. CV-18-00006-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Casa De Capri Enterprises LLC, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendant Continuing Care Risk Retention Group Incorporated ("Defendant") removed this action on January 2, 2018 solely on the basis of diversity jurisdiction. (Doc. 1.) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Having reviewed the Notice of Removal, the Court finds it is facially deficient because it does not allege the citizenship of any of Plaintiffs. The Notice of Removal states that "Plaintiffs allege to be Arizona residents." (Doc. 1 ¶ 10.) But the factual allegation

that Plaintiffs are *residents* of Arizona does not establish they are *citizens* of Arizona for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted); *see also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction."). Thus, an allegation regarding Plaintiffs' state of residence fails to establish their state of domicile—their permanent home—and has no bearing on the determination of their citizenship for diversity purposes.[1]

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992). There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1] Although Casa De Capri Enterprises LLC, which is an Arizona limited liability company, is also named as a defendant in this matter, its presence does not destroy diversity jurisdiction. In *Labertew v. Langemeier*, 846 F.3d 1028 (9th Cir. 2017), the Ninth Circuit held that, in the unique context of a garnishment action that's been removed from state court, complete diversity must exist only between the plaintiffs and the party served with the garnishment notice. *Id.* at 1032. In contrast, a "lack of diversity between" the plaintiffs and the defendant against whom judgment was entered in state court "is immaterial, because [the judgment debtor] is a nominal part[y] with nothing at stake." *Id.* (citation and internal quotation marks omitted).

To cure this pleading deficiency, the Court will require the removing Defendant to file an amended notice of removal that affirmatively states Plaintiffs' citizenship. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that removing Defendant Continuing Care Risk Retention Group Incorporated shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **May 16, 2019**.

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal by May 16, 2019, the Clerk of Court shall remand this action to state court on **May 17, 2019.**

Dated this 9th day of May, 2019.

Dominic W. Lanza
United States District Judge