Steven G. Mesaros, #009215
Brian E. Cieniawski, #013185
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
E-mail: docket@rcdmlaw.com
smesaros@rcdmlaw.com
bcieniawski@rcdmlaw.com

*Attorneys for Garnishee Continuing Care Risk Retention Group, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Benson, an individual; Joseph Benson and Deborah Benson, husband and wife; Kaden Benson, a minor, by and through Jacob Benson, guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>Casa de Capri Enterprises, LLC, an Arizona limited liability company; John Does 1-20; ABC Corporations I-X; XYZ Partnerships I-X,<br><br>Defendants/Judgment Debtors,<br><br>Continuing Care Risk Retention Group, Inc., a foreign corporation,<br><br>Garnishee. | **No. CV-18-00006-PHX-DWL**<br><br>**DEFENDANT CONTINUING CARE RISK RETENTION GROUP, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO COMPEL ARBITRATION**<br><br>(Oral Argument Requested) |

There is no dispute that both the CCRRG Policy and the Subscription Agreement expressly require any disputes under CCRRG's Policy to be resolved by binding arbitration. Doc. 63 at 4–5. As Capri's assignees, Plaintiffs Jacob Benson, Joseph Benson, Deborah Benson, and Kaden Benson ("the Bensons") stand in Casa de Capri Enterprises, LLC's

("Capri") shoes and are subject to the arbitration provisions between Capri and Continuing Care Risk Retention Group, Inc. ("CCRRG"). Moreover, it is undisputed that the Bensons are, in fact, seeking to assert claims based upon the assignment of Capri's rights that are subject to the arbitration provisions in the CCRRG Policy and the Subscription Agreement. For these reasons, CCRRG's Renewed Motion to Compel Arbitration should be granted.

## I.   FACTUAL BACKGROUND

The Bensons continue to erroneously describe this case as a "garnishment action," despite the fact that garnishment is a remedy and not itself a cause of action, a fact the Bensons finally seem to have understood, because they have filed a Motion to Allow Re-pleading and Joinder of Claims (Doc. 40) ("Motion to Amend"). According to the Ninth Circuit, upon removal this proceeding was no longer a garnishment. *Labertew v. Langemeier*, 846 F.3d 1028, 1034 (9th Cir. 2017).[1] Instead, as the Ninth Circuit explains, this proceeding is a new civil matter in which the Bensons are seeking to obtain, for the first time, a judgment establishing the liability of CCRRG. *Id.* at 1033. Moreover, this proceeding is in substance a claim by the Bensons, as Capri's assignees, against CCRRG for allegedly breaching its obligations under the insurance contract. *Id.* at 1033.

The bases for CCRRG's Renewed Motion to Compel Arbitration is the change in circumstances created by the Bensons' assertion of new claims in their proposed Amended Complaint (Doc. 40-1), the Bensons' admission that they present breach of contract and insurance bad faith claims the Bensons can only assert as Capri's assignees, the Bensons' presentation in this proceeding other claims and arguments that only Capri could possess, and the Bensons' pursuit of recovery in this proceeding beyond what might be owed under the CCRRG-Capri contract documents as written. Because the insurance contract documents require such matters be arbitrated, the Court should grant CCRRG's renewed motion.

---

[1] See discussion in Doc. 38 (CCRRG's Rule 12(c) Motion for Judgment on the Pleadings), page 2, lines 15-26 and in CCRRG's Reply (Doc. 45), page 5, lines 13-28.

## II. ARGUMENT

### A. The Law of the Case Doctrine Is Inapplicable Given the Bensons' True Claims and Their Request to Replead and to Add New Claims

The Bensons argue that the "Law of the Case" doctrine bars CCRRG from renewing its motion to compel arbitration because the Hon. Steven P. Logan previously denied CCRRG's Motion to Compel Arbitration. Doc. 27. However, courts have long recognized there is discretion to depart from the law of the case where: (1) "changed circumstances exist; or [(2)] a manifest injustice would otherwise result." *Guadiana v. State Farm Fire & Cas. Co.*, No. CIV-07-326 TUC FRZ (GEE), 2009 U.S. Dist. LEXIS 104856, at *15 (D. Ariz. Nov. 9, 2009) (quoting *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotations omitted)). Both of these circumstances are present here. First, there has been a "substantial change . . . in essential facts or issues," and therefore reconsideration of the arbitration ruling previously decided by the Court is appropriate. *Dancing Sunshine Lounge v. Indust. Comm'n*, 149 Ariz. 480, 483, 720 P.2d 81 (1986). Second, there is presently pending a dispositive motion on whether the Bensons' garnishment "remedy" in fact states a claim under federal and state law. Third, because the Bensons seek to add new claims that are expressly subject to the arbitration provision, it would be manifestly unjust to disregard the arbitration provision. Fourth, as shown by the Bensons' Motion for Summary Judgment, the Bensons present arguments only Capri could possess and ask the Court to rewrite the policy to allegedly conform to supposed Arizona "public policy" and also seek insurance bad faith damages consisting of monetary recovery exceeding any remaining policy limits, matters which are well beyond the purview of a garnishment "remedy."

This Court previously denied CCRRG's Motion to Compel Arbitration based on the Bensons' representations to the Court:

- That they were "not alleg[ing] or otherwise assert[ing] [] any breach of contract or bad faith action against CCRRG";

3

- That they were only seeking to enforce "rights in this action . . . [as a] judgment creditor, not as an assignee [of the insured's rights]";

- That their "garnishment action here, was not based upon the[ir] assignment" [of rights under the Policy];

- That they were "not invok[ing] the assignment" [Doc. 17 at 2, 5, 9, 11];

- That they "have not asserted claims against CCRRG for breach of contract or insurance bad faith"

- That "this is not a declaratory judgment proceeding" [Doc. 21 at 1, 2].

After making these assertions and obtaining relief from the Court, the Bensons then reversed course and served discovery responses that expressly explained they in fact were presenting claims against CCRRG for breach of contract, insurance bad faith, preemption, garnishment, and sought to recover a judgment in excess of any remaining policy limits as well as contractual attorneys' fees from CCRRG. (See the Bensons' Mandatory Initial Discovery Responses dated November 2, 2018; relevant portions attached as Exhibit A.) The Bensons thereafter continued this turn-around and moved to plead the exact claims they had earlier told the Court that they were not pursuing. Docs. 40, 40-1, 47. Their Motion to Amend remains pending, but given the Bensons' pursuit of claims and arguments as Capri's assignees that are subject to arbitration, that the Bensons seek to disguise as "garnishment," CCRRG renews its request that this Court compel arbitration and also dismiss this matter with prejudice, or, at a minimum, stay this matter pending completion of arbitration.

**B.      The Breach of Contract and Bad Faith Claims the Bensons Seek to Assert Are Subject to Arbitration**

The Bensons began pursuing their garnishment against CCRRG on December 18, 2017. Doc. 1-2 at 233. They represented to this Court in their Motion to Remand that they were only pursuing a garnishment and <u>no other claims</u>. Doc. 6, Doc. 21 at 1 ("Plaintiffs have not asserted claims against CCRRG for breach of contract or insurance bad faith."). Under

4

the Arizona garnishment statute, the Bensons were obligated to note their garnishment claim for hearing, but they did not do so. As CCRRG has compellingly pointed out, because Capri cancelled both its membership and its insurance policy in 2013, there is no coverage under the CCRRG Claims Paid Policy for the Bensons' judgment that was entered in 2017. Therefore, the only possible way for the Bensons to collect anything from CCRRG is by asserting breach of contract and bad faith claims, something they can only do as assignees of Capri. *See* Doc. 18 at 3–7. Despite CCRRG arguing this point in its previous Motion to Compel (Doc. 22), the Bensons repeatedly told this Court that they were "not invok[ing] the assignment." Doc. 17 at 11.

CCRRG has been litigating this matter for the last 17 months by addressing the garnishment "remedy" actually alleged against it. CCRRG is now being placed in the unfair position of litigating threatened claims that are subject to the arbitration provision, to its prejudice. Further, the Bensons should have admitted they brought breach of contract and bad faith claims in the first place. *See Labertew.* The Bensons cannot have it both ways. Either this is a limited garnishment proceeding and is not subject to the arbitration provisions, or it is a breach of contract/bad faith claim subject to arbitration. Because the Bensons assert contract, bad faith, and other claims as Capri's assignees, they must arbitrate.

The Bensons continue to argue that this matter is just "a post-judgment garnishment action against CCRRG to collect on a valid judgment under its insurance policy, as that policy is interpreted in accordance with its terms and the law."[2] Doc. 70 at 4. However, it is

---

[2] The Bensons insist they are within their rights to take discovery to support their additional claims before their Motion to Amend is granted, despite having previously told the Court they were only pursuing a garnishment matter. For example, counsel for the Bensons, Steven Guy, admits in his declaration that "the Bensons have sought discovery of issues relating to Capri's reasonable expectations, its bankruptcy and insolvency, the policy cancellation and communications with CCRRG and agents and brokers, and the drafting of the subject policy." Doc. 70-2 at ¶ 8. Contrary to Mr. Guy's argument, other than the policy cancellation, these areas of inquiry have no impact on the "coverage issues presented in [the]

5

undisputed that the Claims Paid Policy was cancelled at Capri's request and resulted in the termination of its membership in the risk retention group, more than four years before the Bensons obtained the judgment against Capri. For this reason, no coverage is due under the Policy and the garnishment "claim" should be dismissed, as outlined in CCRRG's Motion to Dismiss. Furthermore, the Bensons' recent Motion for Summary Judgment seeks to have this Court declare void and/or rewrite the terms of the CCRRG Policy to obtain coverage under the Policy and recovery exceeding any possibly remaining policy limits; remedies going far beyond the remedy allowed under Arizona's garnishment statute to interpret the insurance contracts as written. The Bensons have failed to follow Arizona's "garnishment" statute, yet still insist (for apparent tactical benefit) that this is a garnishment and, therefore, they need not comply with the arbitration provision in the insurance policy they are seeking to invalidate.

The Bensons are strangers to the CCRRG Policy and had nothing to do with Capri obtaining that policy. As strangers to the Capri-CCRRG Policy, the Bensons never had an insurable interest in or any expectancy under that policy and the doctrine of reasonable expectations does not apply to the Bensons. *Alcala v. Mid-Century Ins. Co.*, 171 Ariz 121, 124, 828 P.2d 1262 (App. 1992). Thus, all the arguments and "claims" the Bensons set forth in their effort rewrite the language of the Capri-CCRRG Policy, to void that language, to present Capri's supposed reasonable expectations, and/or to otherwise evade application of the terms actually contained in that policy raise issues that only Capri could possess and that only Capri could assert. Because the Bensons present Capri's claims and seek to obtain benefits under the Policy as Capri's assignees, the Bensons are bound by the essential provisions of the contracts between Capri and CCRRG, including their arbitration terms.

pending garnishment action" or the interpretation of the insurance policy as written, and instead all relate to the Bensons' breach of contract and bad faith claims.

The Bensons also argue they are "entitled to plead additional, and even alternative and inconsistent, claims against a Garnishee Defendant." Doc. 70 at 5. While that may be the case, CCRRG disputes the propriety of the Bensons' alleging additional claims they previously explicitly denied they were asserting when it suited their purposes. Doc. 46. Here, the Bensons now seek to litigate arbitrable claims in this Court; they cannot avoid arbitration merely because they started their case as a garnishment in state court. Again, garnishment is a remedy and not itself a cause of action. *Labertew*, 846 F.3d 1034. As such, if the Court allows the Bensons to file their proposed Amended Complaint, the causes of action at issue are claims for breach of contract and bad faith, claims the Bensons can only assert as assignees of Capri. Such claims are subject to arbitration provisions in the Capri-CCRRG Policy and in Capri's Subscription Agreement. *See* Docs. 13, 22, 38, 45, and 63.

Further, even if this Court finds "garnishment" is a separate cause of action, joining breach of contract and bad faith claims to this matter does not alter the arbitrable nature of those claims. The United States Supreme Court has held the Federal Arbitration Act ("FAA") "has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not, <u>the former must be sent to arbitration even if this will lead to piecemeal litigation</u>." *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)). Consistent with the FAA's "emphatic federal policy in favor of arbitral dispute resolution" (*KPMG*, 565 U.S. at 21 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985))), "[a] court may not issue a blanket refusal to compel arbitration merely on the grounds that some of the claims could be resolved by the court without arbitration." *KPMG*, 565 U.S. at 19. Those claims that are arbitrable should be arbitrated, and "those that are not arbitrable remain with

the Court and must be stayed pending the completion of arbitration." *Mohebbi v. Khazen*, No. 13-cv-03044-BLF, 2014 U.S. Dist. LEXIS 168351, at *23 (N.D. Cal. Dec. 4, 2014).

In summary, the Bensons previously opposed CCRRG's demand for arbitration by arguing that, as judgment creditors, they did not step into the shoes of Capri and become subject to the arbitration agreements between Capri and CCRRG when seeking an interpretation of the relevant contracts as written. Doc. 17 at 7–11. The Bensons subsequently asserted far more wide-ranging arguments that only Capri could possess and, if the Bensons are granted leave to now expressly add causes of action for breach of contract and bad faith, these claims along with all other issues presented in this matter should be immediately referred to arbitration consistent with CCRRG's previous Motion to Compel Arbitration. Docs. 13, 22. If this Court finds the Bensons' "garnishment" remedy is a "claim" that is not arbitrable, the garnishment remedy should remain with this Court and be stayed pending the outcome of the arbitration of those claims that are arbitrable. *Mohebbi*, 2014 U.S. Dist. LEXIS 168351. If the Bensons' Motion to Amend to add breach of contract and bad faith claims is permitted, then arbitration is the only proper vehicle to determine the scope of coverage upon which the garnishment remedy may apply. After such a determination has been made in arbitration, the Bensons can return to this Court to continue their garnishment proceeding, if warranted.

### C. A Valid Arbitration Agreement Exists

The Bensons did not respond to CCRRG's arguments that Capri and CCRRG entered a valid arbitration agreement, despite having taken deposition testimony of both Capri's Gregory Anderson and CCRRG's Robert Bates about the Subscription Agreement and the CCRRG Policies. Therefore, the Bensons concede this point.

Instead, the Bensons apparently rely solely on their argument that "not [being] signatories to the insurance policy between CCRRG and Capri which contains the arbitration agreement . . . , they are not bound to arbitration." Doc. 70 at 6. While this Court held the Bensons were not subject to the arbitration provision when seeking <u>only</u> an interpretation of the insurance contracts as written in a garnishment proceeding, it would be clear error to continue to so hold when the Bensons expressly admit they are asserting breach of contract and bad faith claims as assignees of Capri. The Bensons could only have the contractual rights that Capri itself had. *Vig v. Nix Project I P'ship*, 221 Ariz. 393, 399, 212 P.3d 85 (App. 2009) (citing *K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 267, 941 P.2d 1288 (App. 1967); *Stephens v. Textron, Inc.*, 127 Ariz. 227, 230, 619 P.2d 736 (1980)). *See also*, *Knight Brooks Ins. Co. v. Payless Car Rental Sys., Inc.*, 43 F. Supp. 3d 965, 971–72 (D. Ariz. 2014) (Under Arizona law, assignee can stand in no better position than assignor and assignment cannot alter defenses or equities of a third party) (citing *K.B*, 189 Ariz. at 267; *Stephens*, 127 Ariz. at 230).

Capri and CCRRG's relationship is governed by the Subscription Agreement and the Capri-CCRRG Policy, both of which contain valid arbitration provisions. The arbitration provisions specifically include an agreement to arbitrate "[a]ny dispute or controversy arising under, out of, in connection with or in relation to this Agreement [Subscription Agreement / Policy]." Doc. 13-1 at 87. The Bensons not only seek to add claims for breach of contract and bad faith as assignees of Capri, they have moved for summary judgment seeking to void certain provisions in the CCRRG Policy, as well as asserting other arguments that only Capri could present. Doc. 55. Those claims and arguments are rightfully subject to the relevant arbitration agreements. Any assignment of Capri's rights under the CCRRG Policies is subject to all of the terms, conditions, and limitations thereof, including the

arbitration provision, and any coverage defenses. Accordingly, this Court should dismiss this action, or, at a minimum, enter an order compelling arbitration and staying this proceeding pending arbitration until at least those claims subject to arbitration are resolved.

### D. CCRRG Has Not Waived Its Right to Arbitrate Coverage Issues

The Bensons demonstrate their misunderstanding of the issues in this action by arguing that CCRRG has somehow waived its right to arbitrate the coverage issues by not seeking to arbitrate the underlying tort claim the Bensons brought against Capri. Doc. 70 at 7. CCRRG was not a party to that case and does not dispute that the Bensons took a judgment against Capri. CCRRG, however, does dispute that this judgment is now collectible under the CCRRG Policy issued to Capri. As previously outlined, Capri terminated its membership in CCRRG four years before the Benson's judgment on November 29, 2017. *See* Doc. 64. There is no coverage for the Bensons' judgment, and more to the point, CCRRG retains its contract defenses available under the Policy, including the arbitration provision in this "garnishment" proceeding. Moreover, CCRRG has asserted the arbitration provision every step of the way in this matter. (*See* Doc. 13 at 1–3, 5; Doc. 18 at 5; Doc. 29 at 3, 5; and Doc. 64 at 2). The reason CCRRG renewed its motion to compel arbitration before responding to Bensons' motion for summary judgment was to preclude any argument that CCRRG allegedly waived its right to arbitration by not raising it before engaging in a proceeding in this Court inconsistent with the arbitration clause. There has been no waiver of the arbitration provision.

Under Arizona law, an insurer does not lose its coverage defenses if the question of coverage turns on facts which are <u>nonessential to the judgment of tort liability</u> in the prior case. *Quihuis v. State Farm Mut. Auto. Ins. Co.*, 235 Ariz. 536, 545, 334 P.3d 719 (2014); *Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 332, 509 P.2d 222 (1973) ("testing of the insurer's liability may take the form of a declaratory judgment brought in advance of the third party's action or proceedings on garnishment following the trial of the third party's

action"). Here, the Bensons' judgment against Capri did not have anything to do with the relevant arbitration provisions. Based upon Capri's cancellation of its Policy, CCRRG had no ongoing duty to defend Capri under the terms of the Claims-Paid policy, but even if it did, there is absolutely no authority for the Bensons' argument that CCRRG should be now deprived of its coverage defenses or the arbitration provision. *Quihuis,* 235 Ariz. at 545, ¶ 33, 334 P.3d at 728 (noting that to deprive an insurer of its coverage defenses because an insurer breaches it duty to defend "subverts any meaningful distinction between the duty to defend and the duty to indemnify").

CCRRG has the right to seek adjudication of its alleged defense and indemnity obligations, if any, under the CCRRG policy, and has a right to arbitrate the breach of contract and bad faith claims and the arguments that seek to rewrite the policy language, to void that language, to assert Capri's supposed reasonable expectations, and/or to otherwise evade application of the terms actually contained in that policy, consistent with the agreement with its insured. Arbitration should be compelled.

## III. CONCLUSION

For all of the foregoing reasons, CCRRG respectfully renews its request this Court enter an order dismissing this action without prejudice and compelling arbitration; or, alternatively, enter an order staying this action pending arbitration.

**DATED** this 16th day of May, 2019.

**RENAUD COOK DRURY MESAROS, PA**

By */s/ Brian E. Cieniawski*
    Steven G. Mesaros
    Brian E. Cieniawski
    Attorneys for Garnishee Continuing
    Care Risk Retention Group, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the CM/ECF registrants.

H. Michael Wright, Esq.
Lincoln M. Wright, Esq.
**UDALL/SHUMWAY**
1138 N. Alma School Road, Suite 101
Mesa, Arizona 85201
*Attorneys for Plaintiffs*

Steven S. Guy, Esq.
**THE GUY LAW FIRM, PLLC**
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
*Attorneys for Plaintiffs*

*/s/ L. Chiappetta*

3870851