WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Benson, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Casa De Capri Enterprises LLC, et al.,<br><br>            Defendants. | No. CV-18-00006-PHX-DWL<br><br>**ORDER** |

Pending before the Court is CCRRG's motion for a stay pending its appeal of the November 4, 2022 order denying its renewed motion to compel arbitration. (Doc. 141.) For the following reasons, the stay request is denied.

**RELEVANT BACKGROUND**

This case has involved an unusual volume of litigation related to the issue of arbitrability.

In December 2017, Plaintiffs initiated this action by filing a writ of garnishment in state court. (Doc. 1-2 at 233-35.) Shortly afterward, CCRRG removed the action to federal court (Doc. 1) and filed a motion to compel arbitration (Doc. 13).

In August 2018, the then-assigned judge denied CCRRG's arbitration request. (Doc. 27.)

In April 2019, after the case had been reassigned to the undersigned judge (Doc. 35), CCRRG filed a renewed motion to compel arbitration. (Doc. 63.) In an order issued in July 2019, the Court granted this motion. (Doc. 88.)

Plaintiffs appealed the order compelling arbitration. (Doc. 93.) In November 2020, after full briefing and oral argument, the Ninth Circuit certified a question of law to the Arizona Supreme Court. *Benson v. Casa de Capri Enterprises, LLC*, 980 F.3d 1328 (9th Cir. 2020).

In January 2022, the Arizona Supreme Court resolved that question in Plaintiffs' favor, holding that "the doctrine of direct benefits estoppel can[not] be applied in an Arizona garnishment proceeding." *Benson v. Casa de Capri Enterprises, LLC*, 502 P.3d 461, 465 (Ariz. 2022). Based on that ruling, the Ninth Circuit issued an amended memorandum decision in March 2022 concluding that "the district court erred in granting CCRRG's motion to compel arbitration under the doctrine of direct benefits estoppel." *Benson v. Casa de Capri Enterprises, LLC*, 2022 WL 822126, *1 (9th Cir. 2022). In a footnote, the Ninth Circuit also stated the following: "CCRRG alternatively argues that the Liability Risk Retention Act of 1986 ([LRRA]) preempts state law governing the operation of risk retention groups, and apparently by extension precludes Arizona from limiting arbitration provisions in insurance policies provided by a risk retention group. The district court did not address this argument and [Plaintiffs] argue that CCRRG did not adequately raise it below. We leave these matters to the district court in the first instance, with the benefit of the Arizona Supreme Court's new guidance." *Id.* at *2 n.1.

In June and July 2023, after the mandate issued, the parties filed supplemental briefs regarding LRRA preemption. (Docs. 119, 120, 123.)

On November 4, 2022, the Court issued an order denying CCRRG's request to compel arbitration, holding that (1) "the question of whether CCRRG has forfeited its ability to seek to compel arbitration based on LRRA preemption is closer than the Court perceived it to be in earlier orders"; and (2) at any rate, "because CCRRG's preemption arguments fail on the merits . . . there is no need to resolve the question of forfeiture as to that argument." (Doc. 138 at 10-11.) In the same order, the Court observed that the parties' cross-motions for summary judgment were fully briefed and would be resolved in due course. (*Id.* at 19.)

- 2 -

1. On December 15, 2022, CCRRG filed the pending motion for stay. (Doc. 141.)[1]

2. On December 27, 2022, Plaintiffs filed a response. (Doc. 142.)

3. On January 3, 2023, CCRRG filed a reply. (Doc. 143.)

## DISCUSSION

Although some circuits hold that a district court must always stay the merits of a case pending a non-frivolous appeal from the denial of a motion to compel arbitration, the rule in the Ninth Circuit—at least for now—is that the issuance of such a stay is discretionary. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990).[2] *Britton* suggests that such a stay may be warranted "if, for instance, the court finds that the motion presents a substantial question." *Id.* at 1412. *Britton* also suggests that district courts should apply the traditional four-part test set forth in *Nken v. Holder*, 556 U.S. 418 (2009)—that is, (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies—when deciding whether to issue such a stay. *Bradberry v. T-Mobile USA Inc.*, 2007 WL 2221076, *1 (N.D. Cal. 2007) (explaining why this inference arises from the citations in *Britton*).

Under either formulation,[3] CCRRG's request for a stay is denied. First, although

---

[1] CCRRG's request for oral argument is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f).

[2] The Ninth Circuit recently noted that "the United States Supreme Court granted the petition for a writ of certiorari in" a case presenting the question whether "a non-frivolous appeal of the denial of a motion to compel arbitration oust[s] a district court's jurisdiction to proceed with litigation pending appeal, as the Third, Fourth, Seventh, Tenth, Eleventh and D.C. Circuits have held, or does the district court retain discretion to proceed with litigation while the appeal is pending, as the Second, Fifth, and Ninth Circuits have held" but clarified that "[u]nless the Supreme Court holds otherwise, we are bound to our precedent in *Britton* on this issue." *Matter of Giga Watt, Inc.*, 2022 WL 17883793, *1 n.1 (9th Cir. 2022).

[3] Some courts have concluded that, under *Britton*, a substantial question on the issue of arbitrability is alone insufficient to justify a stay pending appeal. *Monsanto v. DWW Partners, LLLP*, 2010 WL 1904274, *1 (D. Ariz. 2010) ("Relying on language in *Britton* suggesting that a substantial question on appeal is necessary for a stay pending appeal, defendant contends that a substantial question is sufficient for a stay. Plaintiff contends that a stay pending an appeal on the issue of arbitrability is presumptively inappropriate after *Britton*. Neither contention is persuasive. *Britton* does not hold that the general standard for a stay pending appeal is inapplicable in the context of arbitration, and it cites

the arbitrability dispute that was previously before the Ninth Circuit (which necessitated certification of a state-law question to the Arizona Supreme Court) undoubtedly presented a substantial question, the current dispute (which is limited to the question of preemption under the LRRA) does not. CCRRG characterizes its LRRA preemption claim as "an issue of first impression" (Doc. 141 at 4), but even if this characterization is accurate, this does not mean the claim presents a substantial question. *Cf. United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) ("[A] 'substantial question' is one that is 'fairly debatable' or 'fairly doubtful.' In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous.") (citations and internal quotation marks omitted). In the November 4, 2022 order, the Court not only noted that CCRRG may have forfeited its request to compel arbitration based on principles of LRRA preemption (Doc. 138 at 10) but easily concluded that the claim failed on the merits: "The statutory text is the best indicator of what Congress intended with respect to preemption. The text here is clear. Congress intended to preempt certain state insurance regulations while leaving intact generally applicable state laws, even when they have the indirect effect of regulating RRGs. Arizona's garnishment scheme is generally applicable to persons and corporations within the meaning of [15 U.S.C.] § 3902(a)(4), as is Arizona's doctrine of direct benefits estoppel. Therefore, LRRA preemption does not apply here." (Doc. 138 at 19.)

Second, the other factors bearing on the issuance of a stay strongly cut against CCRRG's request. This case has been pending for more than five years and has already made one trip to the Ninth Circuit, with a detour to the Arizona Supreme Court, to address the issue of arbitrability. Additionally, discovery is already complete and a draft of the order resolving the parties' cross-motions for summary judgment is in the process of being finalized. Under these circumstances, indefinitely staying the proceedings so CCRRG may pursue an appeal of the latest order denying its request to compel arbitration would substantially injure the other parties interested in the proceeding and undermine the public

---

a case applying it with approval."). CCRRG seems to concede the same in its reply. (Doc. 143 at 2-3 ["CCRRG and the Bensons agree that this Court has the discretion to stay its Order, pending appeal, upon a balancing of [the four traditional stay factors]."]).

interest, as expressed in Federal Rule of Civil Procedure 1, in the just, speedy, and inexpensive determination of civil actions.

Accordingly,

**IT IS ORDERED** that CCRRG's motion to stay (Doc. 141) is **denied**.

Dated this 9th day of January, 2023.

Dominic W. Lanza
United States District Judge